**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEJON PARIS,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NORTH TEXAS TOLLWAY AUTHORITY (NTTA), PENN CREDIT CORPORATION, PERDUE BRANDON FIELDER COLLINS & MOTT, LLP (PBFCM), and TRANSWORLD SYSTEMS INC. (TSI),** | § § § § § § | **Case No. 3:26-cv-02337** |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANT NORTH TEXAS TOLLWAY AUTHORITY'S**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant North Texas Tollway Authority ("NTTA") files this Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over the claims asserted by Plaintiff Dejon Paris ("Plaintiff"). In support thereof, NTTA respectfully shows the Court the following:

## I. INTRODUCTION

Plaintiff brings this suit against NTTA and three collection entities arising out of efforts to collect unpaid tolls, administrative fees, and related charges assessed to Plaintiff's vehicle in connection with the use of NTTA roadways. As to NTTA, Plaintiff asserts claims under the Texas Debt Collection Act ("TDCA"), alleging that NTTA characterized the underlying toll obligations as a "debt," farmed out invoices on the same account to multiple third-party collectors, threatened vehicle impoundment and criminal prosecution over a disputed balance, and pursued collection touching a vehicle bearing disabled veteran plates.

Every claim Plaintiff asserts against NTTA, however, arises out of NTTA's collection of tolls and fees—a governmental function for which NTTA's immunity has never been waived. NTTA is a political subdivision of the State of Texas and a governmental unit entitled to governmental immunity, which deprives this Court of subject matter jurisdiction over suits against it absent a clear and unambiguous legislative waiver. No such waiver exists here: neither the TDCA nor the Texas Tort Claims Act ("TTCA") waives NTTA's immunity from Plaintiff's claims. Because Plaintiff can neither plead nor establish a waiver of that immunity, the Court is deprived of subject matter jurisdiction, and this case should be dismissed with prejudice.

## II. STANDARD OF REVIEW FOR GOVERNMENTAL IMMUNITY

Subject matter jurisdiction is essential to a court's authority to decide a case, and governmental immunity deprives a trial court of subject matter jurisdiction over suits against a governmental unit unless that immunity has been waived. *Mintex, Inc. v. Prof. Account Mgt., LLC*, No. 3:23-CV-0301-B, 2023 WL 7283924, at *2 (N.D. Tex. Nov. 2, 2023). Governmental immunity protects an entity from suit unless there has been a clear and unambiguous waiver of this immunity. *Id.* A plaintiff who wishes to sue a governmental entity must therefore plead and establish a waiver of that entity's immunity. *Id.*

NTTA is an authority created under Chapter 366 of the Texas Transportation Code, which makes it "a body politic and corporate and a political subdivision of this state." Tex. Transp. Code § 366.032(a). Chapter 366 further classifies NTTA as a governmental unit as that term is defined by the TTCA. *Id.* at § 366.032(b); Tex. Civ. Prac. & Rem. Code § 101.001(3). As a political subdivision of the state, NTTA is therefore entitled to governmental immunity. *Reyes v. N. Texas Tollway Auth.*, 830 F. Supp. 2d 194, 208 (N.D. Tex. 2011) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 n. 11 (Tex. 2006)).

A motion to dismiss under Rule 12(b)(1) is the proper procedural vehicle for addressing a court's lack of subject matter jurisdiction due to governmental immunity. *Taylor v. El Centro College*, No. 3:21-CV-0999-D, 2022 WL 102611, at *4 (N.D. Tex. Jan. 10, 2022) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). When a defendant files a 12(b)(1) motion, the court is "required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 3033778, at *2 (W.D. Tex. May 26, 2016) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). In such a case, review is limited to whether the complaint is sufficient to allege jurisdiction. *Id.* The "plaintiff bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Because Plaintiff cannot show that subject matter jurisdiction exists in this case, this Court should grant NTTA's Motion and dismiss this case with prejudice.

## III. ARGUMENTS & AUTHORITIES

Plaintiff points to no statute waiving NTTA's immunity from suit for TDCA claims—and none exists. Neither the TDCA, the TTCA, nor any other statute contains a clear and unambiguous waiver of immunity for such claims.

### A. The Texas Debt Collection Act Contains No Immunity Waiver

The TDCA regulates debt collection practices as they pertain to consumer debts owed to a creditor. Tex. Fin. Code § 392.301. "Consumer debt" is defined as a debt owed for "personal, family or household purposes arising from a transaction." *Id.* at § 392.001(3). Nowhere does the statute authorize an action against a governmental entity for efforts to collect tolls and fees. *Id.* at § 392; *see also Davis v. Fayette Cnty. Appraisal Dist.*, No. 4:16-CV-1112, 2018 WL 2862809, at *2 (S.D. Tex. June 11, 2018) ("Nowhere does the [TDCA] authorize an action against a

government official or agency, or the agent of such official or agency, for efforts to collect past due taxes.”). Instead, the TDCA speaks in general terms of actions against a person, without any specific waiver of immunity. Because Texas courts require explicit statutory language to waive governmental immunity—language wholly absent from the TDCA—the statute effects no waiver.

**B. The Texas Tort Claims Act Does Not Waive Immunity for TDCA Claims**

Because the TDCA contains no independent waiver, as established above, the only way Plaintiff can avoid governmental immunity is if his claim falls within the TTCA. But the TTCA waives immunity for only three categories of claims, and as discussed below, Plaintiff's claims fall into none of them.

The TTCA's limited waiver reaches only: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects. *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 665 (S.D. Tex. 2000). Courts have long held that to state a claim under the TTCA, “a plaintiff must allege an injury resulting from the condition or use of *tangible* personal or real property,” and “information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities.” *Jackson v. Harris Cnty., Texas*, No. CV H-17-3885, 2018 WL 11207472, at *2 (S.D. Tex. May 1, 2018); *Benson v. Galveston Cnty.*, No. 3:21-CV-00200, 2022 WL 3443925, at *2 (S.D. Tex. Aug. 17, 2022). Accordingly, a claim premised on the alleged misuse or non-use of information is barred by governmental immunity. *Jackson*, 2018 WL 11207472, at *2.

Here, Plaintiff alleges that “NTTA has engaged in a pattern of coordinated harassment by farming out different invoices on the same account to multiple third-party collectors… causing severe consumer confusion, distress, and compounding the harassment of the Plaintiff.” Plaintiff's Original Petition at p. 4, ¶ 17. Specifically, Plaintiff asserts TDCA claims against NTTA based on

its alleged use of "deceptive misrepresentations to collect a debt." *Id.* at p. 5, ¶ 16. But information is not tangible personal property, and Plaintiff's TDCA claims therefore do not fall within any of the three categories for which the TTCA expressly waives immunity.

Because the TTCA's limited waiver does not extend to the conduct the TDCA prohibits, Plaintiff's TDCA claims against NTTA are barred by governmental immunity.

## IV. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** NTTA requests that the Court grant its Motion to Dismiss for Lack of Subject Matter Jurisdiction, that Plaintiff's claims be dismissed with prejudice, and that NTTA be granted such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ *Samantha G. Brown*
Carol C. Payne
State Bar No. 00788865
Samantha G. Brown
State Bar No. 24144682

**ESTES THORNE EWING & PAYNE PLLC**
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Telecopier: (214) 599-4099
cpayne@estesthorne.com
sbrown@estesthorne.com

***Attorneys for Defendant North Texas Tollway Authority***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion was served on all counsel of record via electronic mail, and forwarded to the Pro Se Plaintiff at the address listed below, on this 11th day of August 2026.

DeJon Paris
900 E Colorado Blvd.
Dallas, TX 75203

Mailing Address:
1710 Keller Parkway #9602
Keller, TX 76248
(813) 605-9789
dejon.paris@gmail.com

***Pro Se Plaintiff***

/s/ *Samantha G. Brown*
Samantha G. Brown