**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

DEJON PARIS,

Plaintiff,

v.

JAMES HOFMANN, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority; PENN CREDIT CORPORATION; PERDUE BRANDON FIELDER COLLINS & MOTT, LLP ("PBFCM"); and TRANSWORLD SYSTEMS INC. ("TSI"),

Defendants.

**Case No. 3:26-cv-02337-L-BT**

# PLAINTIFF'S RESPONSE TO DEFENDANT NORTH TEXAS TOLLWAY AUTHORITY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**TO THE HONORABLE COURT:**

Plaintiff DeJon Paris, appearing Pro Se, respectfully submits this Response to Defendant North Texas Tollway Authority's ("NTTA") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6), filed pursuant to the Court's Electronic Order dated August 13, 2026.

CERTIFICATE OF AI-ASSISTED DRAFTING

Pursuant to N.D. Tex. L.R. 7.2(f), Plaintiff discloses that generative artificial intelligence was used in the preparation of this filing to assist with legal research, document drafting, and organization of exhibits. All factual assertions, statutory and case citations, and legal arguments in this filing were independently reviewed, verified against primary source documents, and approved by Plaintiff prior to filing. Plaintiff, appearing pro se, takes full responsibility for the accuracy and content of this document.

## I. INTRODUCTION

1. On August 11, 2026, NTTA moved to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(1), arguing governmental immunity bars Plaintiff's Texas Debt Collection Act ("TDCA") claims against NTTA.
2. Plaintiff has filed an Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), within 21 days of service of NTTA's motion. The Amended Complaint no longer names NTTA as a defendant and no longer asserts the TDCA claims NTTA's motion addresses. In their place, Plaintiff's Amended Complaint names James Hofmann, in his official capacity as NTTA's CEO/Executive Director, and asserts a claim for prospective declaratory and injunctive relief only.
3. Because the Amended Complaint supersedes the pleading NTTA's motion is directed at, the motion is moot and should be terminated as such.

## II. ARGUMENT

4. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam). Plaintiff's Amended Complaint does not incorporate the superseded TDCA claims against NTTA by reference.
5. This Court has followed that rule on these same facts. In Williams v. City of Irving, No. 3:15-CV-1701-L, Doc. 57 (N.D. Tex. Aug. 30, 2017), the Honorable Sam A. Lindsay denied a pending Rule 12(b)(6) motion as moot after the plaintiff filed an amended complaint in response to it. See also Gipson v. Enter. Prods. Partners L.P., No. 2:16-CV-464, Doc. 36 (S.D. Tex. Apr. 7, 2017) (terminating a motion to dismiss as moot upon the filing of an amended complaint that did not incorporate the superseded pleading).
6. Because NTTA is no longer a party and the claims NTTA's motion challenges no longer appear in the operative pleading, there is no live controversy for the Court to resolve on NTTA's motion. Plaintiff respectfully submits that the more efficient course is for the Court to terminate the motion as moot rather than rule on the merits of a challenge to a superseded pleading.

7. In the alternative, and only if the Court declines to terminate the motion as moot, Plaintiff does not oppose dismissal of the specific TDCA claims NTTA's motion addressed, as those claims are not renewed in the Amended Complaint.

## III. CONCLUSION AND PRAYER

8. For the foregoing reasons, Plaintiff respectfully requests that the Court terminate NTTA's Motion to Dismiss (Doc. 6) as moot in light of the Amended Complaint, and grant Plaintiff all other relief to which he is justly entitled.

Respectfully submitted,

/s/ DeJon Paris

DeJon Paris, Pro Se

Mailing Address:

1710 Keller Parkway #9602

Keller, TX 76248

(813) 605-9789

dejon.paris@gmail.com

Date: September 1, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown above, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ DeJon Paris

DeJon Paris