**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEJON PARIS,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JAMES HOFFMAN, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority, PENN CREDIT CORPORATION, PERDUE BRANDON FIELDER COLLINS & MOTT, LLP (PBFCM), and TRANSWORLD SYSTEMS INC. (TSI),** | § | **Case No. 3:26-cv-02337** |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANT NORTH TEXAS TOLLWAY AUTHORITY'S REPLY IN SUPPORT OF MOTION TO DISMISS AND DEFENDANT JAMES HOFFMAN'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant North Texas Tollway Authority ("NTTA") files this Reply in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and Defendant James Hoffman, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority ("Hoffman"), files this Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over the claims asserted by Plaintiff Dejon Paris ("Plaintiff"). In support thereof, Defendants respectfully show the Court the following:

## I. INTRODUCTION

Plaintiff originally sued NTTA and three collection entities over efforts to collect unpaid tolls, administrative fees, and related charges assessed to Plaintiff's vehicles for use of NTTA roadways. NTTA moved to dismiss under Rule 12(b)(1) ("NTTA's Motion"), showing that, as a political subdivision of the State and a governmental unit, it is immune from Plaintiff's Texas Debt

Collection Act ("TDCA") claims—which arise from NTTA's collection of tolls and fees, a governmental function for which immunity has never been waived. Rather than respond on the merits, Plaintiff filed a First Amended Complaint ("Amended Complaint") dropping NTTA, naming Hoffman in his official capacity in its place, and recasting his grievance as a claim for prospective declaratory and injunctive relief. He then filed a Response ("Plaintiff's Response") arguing that NTTA's Motion is moot.

Plaintiff's amendment does not accomplish what he believes it does. It does not render NTTA's Motion moot, because governmental immunity is a jurisdictional bar that no amendment can cure—and Plaintiff, who disputes nothing in NTTA's Motion, affirmatively states that he does not oppose dismissal of his TDCA claims. More importantly, the amendment cannot undo the consequences of Plaintiff's original pleading choice. By suing NTTA, a governmental unit, Plaintiff made an "irrevocable election" under Section 101.106(a) of the Texas Civil Practice and Remedies Code that "immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code § 101.106(a). Hoffman is an NTTA employee, and Plaintiff's new claim against him arises from the same tolls, same vehicle, and same collection and enforcement efforts that were the subject of the Original Petition. And even setting the election aside, a suit against Hoffman in his official capacity is a suit against NTTA itself, from which NTTA remains immune. Plaintiff's claims against both NTTA and Hoffman should be dismissed with prejudice.

## II. STANDARD OF REVIEW FOR GOVERNMENTAL IMMUNITY

Governmental immunity deprives a court of subject matter jurisdiction over suits against a governmental unit unless that immunity has been clearly and unambiguously waived, and the plaintiff bears the burden of pleading and establishing such a waiver. *Mintex, Inc. v. Prof. Account*

*Mgt., LLC*, No. 3:23-CV-0301-B, 2023 WL 7283924, at *2 (N.D. Tex. Nov. 2, 2023). NTTA is "a body politic and corporate and a political subdivision of this state," as well as a governmental unit as defined by the Texas Tort Claims Act ("TTCA"). *See* Tex. Transp. Code § 366.032(a)–(b); *see also* Tex. Civ. Prac. & Rem. Code § 101.001(3). It is therefore entitled to governmental immunity. *Reyes v. N. Texas Tollway Auth.*, 830 F. Supp. 2d 194, 208 (N.D. Tex. 2011). And a claim against a governmental official in his official capacity "essentially merge[s]" with the claim against the entity. *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 534 F. Supp. 3d 682, 690 (N.D. Tex. 2021) (citation omitted).

A Rule 12(b)(1) motion is the proper vehicle for raising governmental immunity. *Taylor v. El Centro College*, No. 3:21-CV-0999-D, 2022 WL 102611, at *4 (N.D. Tex. Jan. 10, 2022). In resolving such a motion, the court looks to the sufficiency of the complaint's allegations, which are presumed true. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 3033778, at *2 (W.D. Tex. May 26, 2016). The "plaintiff bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Because the defect is jurisdiction, it "may be raised at any time by the parties or the court itself and cannot be waived." *Doe ex rel. Doe v. Prosper Indep. Sch. Dist.*, No. 4:22-cv-814, 2025 WL 2966690, at *1–2 (E.D. Tex. Oct. 20, 2025) (citation omitted). The TTCA's election-of-remedies provision is likewise jurisdictional: Section 101.106(a)'s "plain language bars suit—not just liability," it "is a jurisdictional statute" properly enforced under Rule 12(b)(1), and a court is "duty-bound" to address it regardless of the procedural vehicle through which it is raised. *Id.* at *3–4 (citations omitted).

## III. ARGUMENTS & AUTHORITIES

### A. Plaintiff's Claims Against NTTA Should Be Dismissed With Prejudice

Plaintiff's Response does not engage with NTTA's Motion. He identifies no waiver of NTTA's immunity, does not dispute that NTTA is a governmental unit, and does not dispute that his claims arise from NTTA's collection of tolls and fees. He argues only that the Amended Complaint renders the Motion moot—while conceding, "in the alternative," that he "does not oppose dismissal of the specific TDCA claims NTTA's motion addressed." Plaintiff's Response at ¶ 7.

The Court should grant the Motion rather than terminate it as moot. Immunity is a defect in subject matter jurisdiction, and it "would be a waste of judicial resources" to leave the question unresolved when it can be immediately re-raised in a later motion or on appeal. *Doe v. Prosper*, 2025 WL 2966690, at *4 (citation omitted). More to the point, the mootness label changes nothing about the legal consequence of Plaintiff's suit against NTTA. In *Williams v. City of Port Arthur*, the defendants' motion to dismiss the original complaint was denied as moot after amendment, yet the court went on to hold that the plaintiff, "upon filing his initial Complaint, . . . made an irrevocable election under § 101.106(a)" "despite [his] decision to drop such claims against the City in his Amended Complaint." *Williams v. City of Port Arthur*, No. 1:10-CV-823, 2012 WL 1997867, at *19 & n.2 (E.D. Tex. June 1, 2012). Whether NTTA's Motion is granted or terminated, Plaintiff's election stands—and, as shown below, it disposes of his claim against Hoffman.

### B. Plaintiff's Suit Against NTTA Irrevocably Bars Any Suit Against Hoffman Regarding the Same Subject Matter

Section 101.106(a) provides that "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever

bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code § 101.106(a).

Hoffman is an NTTA "employee." The TTCA defines an employee as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority," excluding independent contractors and persons "who perform[ ] tasks the details of which the governmental unit does not have the legal right to control." Tex. Civ. Prac. & Rem. Code § 101.001(2); *see Maldonado v. City of Pearsall*, 977 F. Supp. 2d 646 (W.D. Tex. 2013) (two-part test: paid service and right to control). The definition expressly reaches "officer[s]"; an executive title does not take an individual outside it, and only those in unpaid service, such as volunteer board members, fall beyond its reach. *See Walker v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-379, 2016 WL 6666833 (E.D. Tex. Aug. 18, 2016). Hoffman is NTTA's paid chief executive, employed by and serving at the direction of NTTA's Board of Directors, which defines his duties. Plaintiff does not allege otherwise.

Plaintiff sues Hoffman "solely in his official capacity as CEO/Executive Director," Amended Complaint at ¶ 2, and pleads every challenged act as the act of NTTA—"NTTA has not included Plaintiff's vehicle . . . in its discount program," "NTTA's own published policy states," "NTTA issued a 'Notice of Vehicle Ban Order.'" *Id.* at ¶¶ 11, 14–15. Where a plaintiff "consistently and repeatedly asserts" that the individual acted as the entity's agent, courts find "no reason to conclude to the contrary." *Hundall*, 2014 WL 12496895, at *12. And the conduct at issue—administering NTTA's toll-collection, enforcement, and discount programs—is "the performance for a governmental unit of the duties of an employee's office or employment." Tex. Civ. Prac. & Rem. Code § 101.001(5). The question is not whether Hoffman had authority to act as Plaintiff

alleges, but whether he was discharging the duties generally assigned to him. *Wilkerson v. Univ. of N. Tex. ex rel. Bd. of Regents*, 878 F.3d 147 (5th Cir. 2017). He clearly was.

The claims regard the same subject matter. Suits "regard[ ]" the same subject matter when they "arise[ ] out of the same actions and occurrences," and a change in legal theory is irrelevant where the underlying facts are the same. *Doe v. Dallas*, 534 F. Supp. 3d at 693 (citation omitted) (gross negligence claim against employee barred where factual allegations were "virtually identical" to those supporting IIED claim against district); *Subbiah*, 850 F. Supp. 2d at 661.

The Original Petition alleged that NTTA sent notices concerning Plaintiff's Disabled Veteran plate DV22B78, ignored the plate's claimed "statutory toll exemptions," and "escalated collection" through a "Notice of Vehicle Ban Order and Intent to Impound" and referrals to third-party collectors. Plaintiff's Original Petition at p. 4, ¶¶ 14, 16–17. The Amended Complaint refers to the same vehicle, the same claimed exemption, the same Ban Order, and the same referrals, and asks the Court to order Hoffman to include that vehicle in NTTA's discount program and "to cease enforcement predicated on tolls that should have been discounted or waived." Amended Complaint at ¶¶ 11–19, 29, 36. Only the label has changed—from TDCA damages to declaratory and injunctive relief. Section 101.106(a) bars "any suit," and contains no exception for prospective relief. *See Doe v. Prosper*, 2025 WL 2966690, at *3 & n.6 (statute's plain language bars suit, not merely recovery).

The amendment cannot undo the election. Plaintiff's only argument—that the Amended Complaint supersedes the Original Petition under *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)—confuses which pleading is operative with the substantive consequence Texas law attaches to filing suit against a governmental unit. Courts have rejected this argument. In *Doe v. Prosper*, the plaintiffs sued only the school district and later amended to add its employee; the court held

that "once the plaintiff makes an 'irrevocable election' by suing only the employer, there is no statutory mechanism to change targets," relying on this Court's holding "that TTCA's election-of-remedies provision controls in federal court even though federal law provides that an amended complaint deprives the original of legal effect." 2025 WL 2966690, at *4 (citations omitted) (citing *Wells v. Tex. Tech Univ.*, No. 5:23-CV-060-H, 2024 WL 2967859, at *11–12 (N.D. Tex. May 7, 2024), aff'd, 2025 WL 673439 (5th Cir. Mar. 3, 2025)). *Williams* holds the same: a plaintiff who dropped the City from his amended complaint had nonetheless "forever relinquished his right to recover" against its employees, because an election "cannot be rescinded by a subsequent amendment." 2012 WL 1997867, at *19 (citation omitted); *see also Subbiah*, 850 F. Supp. 2d at 661 (dismissing claims against professor because plaintiff first sued the university on the same facts).

Plaintiff sued NTTA on June 8, 2026, and did not sue Hoffman until September 1, 2026—after NTTA asserted immunity. "Whether intentionally or not," he made an election that renders dismissal "unavoidable"; the TTCA "is unambiguous and the result preordained." *Doe v. Prosper*, 2025 WL 2966690, at *4 (citations omitted). Dropping NTTA the moment it invoked immunity and substituting its chief executive to re-plead the same grievance is exactly the "circumvention" Section 101.106 exists to prevent. *Subbiah*, 850 F. Supp. 2d at 660. The Court therefore lacks subject matter jurisdiction over Plaintiff's claim against Hoffman.

## IV. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants North Texas Tollway Authority and James Hoffman, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority, respectfully request that the Court grant NTTA's Motion to Dismiss and Hoffman's Motion to Dismiss for Lack of Subject Matter Jurisdiction, dismiss Plaintiff's claims

against NTTA and Hoffman with prejudice, and grant NTTA and Hoffman such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

/s/ *Samantha G. Brown*
Carol C. Payne
State Bar No. 00788865
Samantha G. Brown
State Bar No. 24144682

**ESTES THORNE EWING & PAYNE PLLC**
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Telecopier: (214) 599-4099
cpayne@estesthorne.com
sbrown@estesthorne.com

***Attorneys for Defendants North Texas Tollway Authority and James Hoffman***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via electronic mail, and forwarded to the Pro Se Plaintiff at the address listed below, on this 14th day of September 2026.

DeJon Paris
900 E Colorado Blvd.
Dallas, TX 75203

Mailing Address:
1710 Keller Parkway #9602
Keller, TX 76248
(813) 605-9789
dejon.paris@gmail.com

***Pro Se Plaintiff***

/s/ *Samantha G. Brown*
Samantha G. Brown