**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEJON PARIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JAMES HOFMANN, in his official capacity as CEO/Executive Director of North Texas Tollway Authority, NORTH TEXAS TOLLWAY AUTHORITY (NTTA), PENN CREDIT CORPORATION, PERDUE BRANDON FIELDER COLLINS & MOTT, LLP (PBFCM), and TRANSWORLD SYSTEMS INC. (TSI),** | § | **Case No. 3:26-cv-02337** |
| | § | |
| **Defendants.** | § | |

**DEFENDANT, TRANSWORLD SYSTEMS INC.'S, ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Transworld Systems Inc. ("TSI"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (the "Complaint") filed by plaintiff, Dejon Paris ("plaintiff"), and states:

## I. PARTIES

1. Upon information and belief, TSI admits the allegations in ¶ 1.

2. TSI denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein.

3. TSI denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein.

4. TSI denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5. TSI admits it is a corporation, and it has an office located in Fort Washington, Pennsylvania. Except as specifically admitted, TSI denies the allegations in ¶ 5.

**II. JURISDICTION AND VENUE**

6. Upon information and belief, TSI admits this Court has jurisdiction. Except as specifically admitted, TSI denies the allegations in ¶ 6.

7. Upon information and belief, TSI admits venue is proper. Except as specifically admitted, TSI denies the allegations in ¶ 7.

**III. APPLICABILITY OF STATUTES**

8. As to the TSI, TSI denies the allegations in ¶ 7 as calling for a legal conclusion. As to the allegations regarding the co-defendants in ¶ 7, TSI denies those allegations for lack of knowledge or information sufficient to form a belief therein.

9. TSI's correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 9 state otherwise, misrepresent the contents of TSI's correspondence, or call for a legal conclusion, they are denied.

10. TSI denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

**IV. STATEMENT OF [ALLEGED] FACTS**

11. TSI denies the allegations in ¶ 11 as calling for a legal conclusion.

12. TSI denies the allegations in ¶ 12 as calling for a legal conclusion.

13. TSI denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

14. TSI denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

15. TSI denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. TSI's correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 16 state otherwise, misrepresent the contents of TSI's correspondence, or call for a legal conclusion, they are denied.

17. TSI denies the allegations in ¶ 17.

18. Plaintiff's correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 18 state otherwise, misrepresent the contents of Plaintiff's correspondence, or call for a legal conclusion, they are denied.

19. TSI denies the allegations in ¶ 19.

20. The allegations in ¶ 20 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21. The allegations in ¶ 21 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. The allegations in ¶ 22 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. The allegations in ¶ 23 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. The allegations in ¶ 24 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. The allegations in ¶ 25 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. The allegations in ¶ 26 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. The allegations in ¶ 27 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28. The allegations in ¶ 28 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.

29. TSI denies the allegations in ¶ 29.

**V. CAUSES OF ACTION**

**COUNT 1: [ALLEGED] VIOLATIONS OF THE TDCA (Tex. Fin. Code §§ 392.202, 392.304)**

30. TSI denies the allegations in ¶ 30.

31. The allegations in ¶ 31 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 31 for lack of knowledge or information sufficient to form a belief therein.

32. The allegations in ¶ 32 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33. The allegations in ¶ 33 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

**COUNT 2: ULTRA VIRES — DECLARATORY AND INJUNCTIVE RELIEF AGAINST DEFENDANT HOFMANN, IN HIS OFFICIAL CAPACITY**

34. The allegations in ¶ 35 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 34 as calling for a legal conclusion.

35. The allegations in ¶ 35 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

36. The allegations in ¶ 36 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

**COUNT 3: [ALLEGED] VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692c, 1692d, 1692e, 1692g)**

37. TSI denies the allegations in ¶ 37.

38. TSI denies the allegations in ¶ 38.

39. The allegations in ¶ 39 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. The allegations in ¶ 40 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41. The allegations in ¶ 41 are not directed towards TSI. To the extent a response is required, TSI denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

## VI. [ALLEGED] DAMAGES

42. TSI denies the allegations in ¶ 42.

43. TSI denies the allegations in ¶ 43.

## VII. PRAYER

TSI denies the allegations in the unnumbered paragraph, and further denies that plaintiff is entitled to the relief requested therein.

**TSI'S REQUEST FOR ATTORNEYS' FEES AND COSTS**

TSI is entitled to recover its reasonable attorneys' fees, costs, and expenses against Plaintiff pursuant to Tex. Fin. Code § 392.403(c), the Fair Debt Collection Practices Act, and any other applicable statute or Rule, because TSI asserts that this action has been brought in bad faith and for purposes of harassment.

**TSI'S AFFIRMATIVE DEFENSES**

1. To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. TSI denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of TSI's purported violations.

3. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than TSI and were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

6. The accounts at issue are not "debts" subject to the protections afforded by the Texas Debt Collection Act and Fair Debt Collection Practices Act; accordingly, Plaintiff's claims fails as a matter of law.

7. Plaintiff has failed to state a claim against TSI upon which relief may be granted.

WHEREFORE, Defendant, Transworld Systems Inc., respectfully requests the Court dismiss this action with prejudice, award TSI's its reasonable attorney's fees and costs, and grant it any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Whitney L. White*

Whitney L. White
Texas Bar No. 24075269
SESSIONS, ISRAEL & SHARTLE, LLC
5700 Granite Parkway, Suite 260
Plano, Texas 75024
Telephone: (214) 741-3001
Facsimile: (214) 741-3098
Email: wwhite@sessions.legal

*Attorney for Defendant,*
*Transworld Systems Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas and served on all parties and counsel of record via CM/ECF. A copy has also been sent to the following:

***Via E-mail***
DeJon Paris
1710 Keller Parkway 9602
Keller, Texas 76248
Telephone: (813) 605-9789
Email: dejon.paris@gmail.com
*Plaintiff, Pro Se*

*/s/ Whitney L. White*
Whitney L. White