**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEJON PARIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO. 3:26-cv-02337** |
| | : | |
| **PENN CREDIT CORPORATION, NORTH TEXAS TOLLWAY AUTHORITY, PERDUE BRANDON FIELDER COLLINS & MOTT, LLP and TRANSWORLD SYSTEMS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT PENN CREDIT CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

CHRISTOPHER E. BROWN, ESQ.
Texas Bar No. 24145884
Email: cbrown@kaufmandolowich.com
KAUFMAN DOLOWICH LLP
14643 Dallas Pkwy., Suite 550
Dallas, Texas 75254
Telephone: (407) 789-0135
Fax: (407) 502-6353
Attorneys for Defendant Penn Credit Corporation

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................1

II. PROCEDURAL HISTORY ..........................................................................................3

III. FACTUAL BACKGROUND ........................................................................................4

IV. LEGAL ARGUMENT ..................................................................................................6

A. Standard of Review..........................................................................................6

B. Plaintiff's FDCPA Claims Fail as a Matter of Law Because the NTTA Toll Obligation Does Not Constitute a "Debt" Under the FDCPA..............7

C. Plaintiff's TDCA Claims Fail as a Matter of Law Because the NTTA Toll Obligation Does Not Constitute a "Consumer Debt" Under the TDCA........10

V. CONCLUSION..........................................................................................................12

## TABLE OF AUTHORITIES

**Cases** **Page**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ... 6

*Calogero v. Shows, Cali & Walsh, L.L.P.*,
970 F.3d 576 (5th Cir. 2020) ... 7,9

*Davis v. Fayette County Appraisal District*
No. 4:16-CV-1112, 2018 WL 2862809 (S.D. Tex. June 11, 2018) ... 11

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
594 F.3d 383 (5th Cir. 2010) ... 6

*St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*,
898 F.3d 351 (3d Cir. 2018) ... 7,8,9,11

**Statutes**

15 U.S.C. § 1692 *et seq* ... 1

15 U.S.C. § 1692a(5) ... 1,7,9,10

15 U.S.C. § 1692g(b) ... 9

15 U.S.C. § 1692c(c) ... 9

Tex. Fin. Code § 392.001 *et seq.* ... 1

Tex. Fin. Code § 392.001(2) ... 2,10,11

Tex. Fin. Code § 392.001(5) ... 10

Tex. Fin. Code § 392.202 ... 11

Tex. Fin. Code § 392.302(4) ... 11

**Rules**

Fed. R. Civ. P. 10(c) ... 6

Fed. R. Civ. P. 12(b)(6) ... 1,6,7.12

Fed. R. Civ. P. 15(a)(3) ..................................................................................................3

Defendant Penn Credit Corporation ("Defendant" or "Penn Credit"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff DeJon Paris's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10). Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), or the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.* ("TDCA"). Accordingly, and for the reasons set forth below, the Court should grant Penn Credit's Motion and dismiss all claims asserted against Penn Credit with prejudice.

## I. **INTRODUCTION**

This action arises from Penn Credit's efforts to collect unpaid toll obligations allegedly owed by Plaintiff to the North Texas Tollway Authority ("NTTA"). (Doc. 10). As relevant to Penn Credit, Plaintiff alleges that Penn Credit sought to collect a $90.37 balance associated with an NTTA toll account for a vehicle registered to Plaintiff. (Doc. 10 at pp. 4-5). Plaintiff further alleges that, after Plaintiff disputed the obligation, Penn Credit failed to provide the validation Plaintiff requested, continued its collection efforts, and later sent six text messages concerning the NTTA account despite Plaintiff's written demand concerning future communications. (Doc. 10 at pp. 5-6). Based on this alleged conduct, Plaintiff asserts claims against Penn Credit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 et seq. (Doc. 10 at pp. 7-9).

Plaintiff's claims fail at the threshold. Liability under the FDCPA and TDCA depends first on the nature of the financial obligation being collected. The FDCPA requires a "debt" arising from a transaction involving money, property, insurance, or services primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5). The TDCA similarly requires a "consumer debt"

arising from a transaction or alleged transaction primarily for personal, family, or household purposes. Tex. Fin. Code § 392.001(2). The existence of a qualifying debt is therefore a prerequisite to Plaintiff's claims under both statutes. Accordingly, no alleged collection conduct can give rise to liability under either statute unless the financial obligation Penn Credit sought to collect constitutes a "debt" under the FDCPA or a "consumer debt" under the TDCA.

Here, the nature of the financial obligation is apparent from the face of the Amended Complaint. Plaintiff alleges that Penn Credit sought to collect an obligation owed to NTTA under toll account 2031375867, associated with license plate WRZ1957. (Doc. 10 at pp. 4-5). According to the Amended Complaint, Plaintiff's dispute challenged the underlying toll usage and requested photographic proof of the alleged tolls and an itemization separating the toll amounts from additional fees. (Doc. 10 at p. 5). Plaintiff further alleges that the balance increased as a result of "NTTA's ongoing toll and fee accrual," rather than any independent action by Penn Credit. (Doc. 10 at p. 5). Plaintiff ultimately characterizes the account as part of Plaintiff's "toll history" that NTTA referred to Penn Credit for collection. (Doc. 10 at p. 7). Thus, the financial obligation underlying Plaintiff's claims against Penn Credit is, by Plaintiff's own allegations, an obligation for unpaid highway tolls and associated fees.

That distinction is dispositive. Plaintiff alleges that Penn Credit violated the TDCA by continuing collection efforts after receiving Plaintiff's dispute and by sending text messages after Plaintiff's request to cease telephone communications. (Doc. 10 at pp. 7-8). Plaintiff alleges that the same general conduct violated the FDCPA because Penn Credit continued collection activity without first providing the requested validation and later communicated with Plaintiff by text message. (Doc. 10 at p. 9). Even accepting those allegations as true, Plaintiff cannot establish liability under statutes that apply only to qualifying consumer debt. The manner in which Penn

Credit allegedly sought to collect the NTTA toll obligation cannot alter the nature of the obligation itself.

Plaintiff's claims therefore turn on a straightforward threshold question: whether the NTTA toll obligation identified in the Amended Complaint constitutes "debt" under the FDCPA or "consumer debt" under the TDCA. The NTTA toll obligation satisfies neither statutory definition. An obligation arising from the assessment of highway tolls and associated fees is not the type of consumer debt encompassed by either statute. Accordingly, Plaintiff cannot state a claim against Penn Credit under the FDCPA or TDCA, and all claims asserted against Penn Credit should be dismissed with prejudice.

## II. <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on June 8, 2026 by filing an Original Petition in the County Court at Law No. 4 of Dallas County, Texas, Case No. CC-26-04536-D. On July 6, 2026, Penn Credit, by and through counsel, filed its Original Answer in the state-court action. On July 15, 2026, Defendant Transworld Systems Inc. removed the action to the United States District Court for the Northern District of Texas based on Plaintiff's assertion of claims under the FDCPA. (Doc. 1).

On September 1, 2026, Plaintiff filed the operative Amended Complaint, which asserts claims against Penn Credit under the FDCPA and TDCA. (Doc. 10). Pursuant to Federal Rule of Civil Procedure 15(a)(3), Penn Credit's deadline to answer, move, or otherwise respond to the Amended Complaint is September 15, 2026. Fed. R. Civ. P. 15(a)(3). Accordingly, this Motion is timely.

## III. FACTUAL BACKGROUND

Plaintiff's claims against Penn Credit arise from Penn Credit's efforts to collect unpaid toll obligations allegedly owed by Plaintiff to NTTA. (Doc. 10 at pp. 4-5). Plaintiff alleges that Penn Credit is a "debt collector" under the FDCPA and a "third-party debt collector" under the TDCA. (Doc. 10 at p. 2). Plaintiff further alleges that NTTA has characterized the underlying obligation as "toll debt" and "debt." (Doc. 10 at p. 2).

As relevant to Penn Credit, Plaintiff alleges that NTTA referred an outstanding balance associated with NTTA toll account 2031375867 and license plate WRZ1957 to Penn Credit for collection. (Doc. 10 at pp. 4-5). According to the Amended Complaint, Penn Credit sought to collect an initial balance of $90.37 under Penn Credit reference number G0777711. (Doc. 10 at p. 5). On December 28, 2025, Plaintiff sent Penn Credit a written dispute concerning the obligation. (Doc. 10 at p. 5). In that dispute, Plaintiff requested, among other things, photographic proof of the alleged toll usage, documentation establishing Penn Credit's authority to collect the obligation, and an itemization separating the underlying toll amounts from additional fees. (Doc. 10 at p. 5).

Plaintiff alleges that Penn Credit responded to the dispute on January 6, 2026, acknowledged that the obligation was disputed, and directed Plaintiff to NTTA and NTTA's invoices for additional information. (Doc. 10 at p. 5). Plaintiff contends that Penn Credit's response did not provide the validation Plaintiff requested. (Doc. 10 at p. 5). Plaintiff further alleges that, by February 9, 2026, NTTA's records reflected a balance of $822.96, which Plaintiff expressly attributes to "NTTA's ongoing toll and fee accrual rather than any discrete Penn Credit action." (Doc. 10 at p. 5). Plaintiff nevertheless alleges that Penn Credit continued collection activity concerning the disputed NTTA obligation. (Doc. 10 at p. 5). Plaintiff also alleges that the December 28, 2025 dispute instructed Penn Credit to cease telephone communications and

requested that future communications be made in writing. (Doc. 10 at pp. 5-6). According to Plaintiff, Penn Credit subsequently sent six automated text messages concerning the NTTA account between May 21 and June 17, 2026. (Doc. 10 at p. 6).

Based on these allegations, Plaintiff asserts claims against Penn Credit under both the TDCA and FDCPA. Plaintiff alleges that Penn Credit violated the TDCA by continuing collection activity after receiving Plaintiff's dispute and by sending the six automated text messages after Plaintiff requested that telephone communications cease. (Doc. 10 at pp. 7-8). Plaintiff similarly alleges that Penn Credit violated the FDCPA by continuing collection activity without first providing the requested validation and by sending the six text messages after Plaintiff's written communication request. (Doc. 10 at p. 9).

The allegations underlying these claims consistently identify the financial obligation Penn Credit sought to collect as arising from unpaid highway tolls and associated fees allegedly owed to NTTA. Plaintiff identifies a specific NTTA toll account, a vehicle and license plate associated with that account, an initial toll-related balance referred to Penn Credit for collection, and subsequent toll and fee accrual by NTTA. (Doc. 10 at pp. 4-5). Plaintiff's dispute likewise challenged the underlying toll usage and sought photographic evidence of the alleged tolls and an itemization distinguishing toll charges from additional fees. (Doc. 10 at p. 5). The allegations in the Amended Complaint therefore establish that the financial obligation underlying Plaintiff's claims against Penn Credit consists of unpaid highway tolls and associated fees allegedly owed to NTTA. As discussed below, such an obligation does not constitute a "debt" under the FDCPA or a "consumer debt" under the TDCA. Accordingly, Plaintiff's claims against Penn Credit fail as a matter of law and must be dismissed.

## IV. LEGAL ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the pleaded facts permit the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Although the Court accepts well-pleaded factual allegations as true, the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The Court likewise is not required to accept as true a legal conclusion couched as a factual allegation. *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 likewise requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Accordingly, after identifying allegations that amount only to legal conclusions, the Court must determine whether the remaining well-pleaded factual allegations plausibly establish an entitlement to relief. *Iqbal*, 556 U.S. at 679.

In conducting that analysis, the Court may consider the Amended Complaint and the documents attached to it. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also* Fed. R. Civ. P. 10(c). Indeed, the Fifth Circuit has explained that review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V*, 594 F.3d at 387. Accordingly, the Court may consider the

exhibits attached to Plaintiff's Amended Complaint in determining whether Plaintiff has stated a claim for relief.

Here, even accepting Plaintiff's well-pleaded factual allegations as true, Plaintiff cannot state a plausible claim against Penn Credit under either the FDCPA or TDCA. As demonstrated below, the financial obligation identified in Plaintiff's own allegations and exhibits does not constitute the type of debt governed by either statute. Plaintiff's claims therefore fail as a matter of law and must be dismissed under Rule 12(b)(6).

### B. Plaintiff's FDCPA Claims Fail as a Matter of Law Because the NTTA Toll Obligation Does Not Constitute a "Debt" Under the FDCPA

Plaintiff's FDCPA claims fail at the threshold because the NTTA toll obligation Penn Credit sought to collect is not a "debt" within the meaning of the FDCPA. The FDCPA applies only to an obligation arising from a transaction involving money, property, insurance, or services that are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5). Thus, before the alleged collection conduct is relevant, Plaintiff must establish that Penn Credit was attempting to collect an obligation covered by the statute. *See Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 581-83 (5th Cir. 2020).

In *Calogero*, the Fifth Circuit applied the three-part framework articulated in *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351 (3d Cir. 2018), for determining whether an obligation constitutes an FDCPA "debt." 970 F.3d at 583. A court asks: (1) whether the obligation arises from a transaction; (2) what money, property, insurance, or services are the subject of that transaction; and (3) whether that subject is primarily for personal, family, or household purposes. *Id.* A plaintiff must satisfy all three requirements. *Id.*

*St. Pierre* is particularly instructive because it applied that framework to highway tolls and held that they do not constitute "debt" under the FDCPA. 898 F.3d at 360-65. The court recognized

that a motorist's voluntary use of a toll road constitutes a transaction, satisfying the first inquiry. *Id.* at 360-61. The dispositive inquiry was the nature of the services underlying that transaction. *Id.* at 361-65. Those services are the construction, maintenance, repair, and operation of public highways, which serve the public generally rather than primarily serving the personal, family, or household purposes of an individual motorist. *Id.* at 362-65. The resulting toll obligation therefore falls outside the FDCPA. *Id.* at 365.

The same conclusion follows from Plaintiff's own allegations. Plaintiff alleges that NTTA referred toll account 2031375867, associated with license plate WRZ1957, to Penn Credit for collection and that Penn Credit sought to collect an initial balance of $90.37. (Doc. 10 at pp. 4-5). Plaintiff identifies the obligation as arising from toll usage and alleges that the balance later increased through "NTTA's ongoing toll and fee accrual." (Doc. 10 at p. 5). Plaintiff's FDCPA claims against Penn Credit arise exclusively from Penn Credit's efforts to collect that obligation. (Doc. 10 at p. 9).

The exhibits attached to the Amended Complaint confirm the nature of the obligation. Penn Credit's December 11, 2025 Notice of Collection identifies NTTA as the creditor and states that the amount sought arose from unpaid "ZipCash invoices for tolls and/or fees incurred while driving on toll road facilities in North Texas." (Doc. 10-1 at p. 71). The notice identifies the same license plate, NTTA account, ZipCash invoice, and $90.37 balance alleged in the Amended Complaint. (Doc. 10-1 at p. 71). NTTA's billing records likewise identify toll transactions and associated late fees for the same account and vehicle. (Doc. 10-1 at pp. 3-4). Plaintiff's own dispute letter confirms that the underlying charges were tolls, requesting photographic evidence of the alleged toll usage and an itemization separating the original toll amounts from additional fees. (Doc. 10-1 at p. 74).

Thus, the Amended Complaint and its exhibits establish that the obligation Penn Credit sought to collect consists of unpaid highway tolls and associated fees allegedly owed to NTTA.

Plaintiff's characterization of the obligation as consumer debt based on the use of a personal vehicle does not alter that conclusion. In Plaintiff's December 28, 2025 dispute letter, Plaintiff asserted that the obligation was incurred for personal, family, or household purposes because it involved "the operation of a personal vehicle." (Doc. 10-1 at p. 74). *St. Pierre* rejected that mode of analysis. 898 F.3d at 364-65. The relevant inquiry is not the motorist's subjective reason for using the toll road, but the objective character of the services underlying the transaction. *Id.* A personal reason for using a public highway does not transform the construction, maintenance, repair, and operation of that highway into services primarily for personal, family, or household purposes. *Id.* at 362-65. The terminology used in the parties' correspondence is equally immaterial. Plaintiff alleges that NTTA referred to the obligation as "toll debt" or "debt," and the attached collection correspondence uses similar terminology. (Doc. 10 at p. 2; Doc. 10-1 at p. 68). Statutory coverage does not turn on the label assigned to an obligation. It turns on whether the obligation satisfies § 1692a(5). *See Calogero*, 970 F.3d at 581-83. Calling a highway-toll obligation a "debt" cannot bring it within the FDCPA when the obligation does not satisfy the statute's definition.

That threshold determination resolves Plaintiff's FDCPA claims against Penn Credit. Plaintiff alleges that Penn Credit violated § 1692g(b) by continuing collection activity after Plaintiff disputed the obligation and violated § 1692c(c) by sending six text messages after Plaintiff's written communication demand. (Doc. 10 at p. 9). Even accepting those allegations as true, the FDCPA does not regulate Penn Credit's collection of an obligation that is not a "debt" under the Act. The alleged manner of collection cannot expand the statute's substantive scope.

Accordingly, Plaintiff's own allegations and exhibits establish that Penn Credit sought to collect unpaid highway tolls and associated fees owed to NTTA. Under the Fifth Circuit's framework in *Calogero* and the directly applicable reasoning of *St. Pierre*, that obligation does not constitute a "debt" under § 1692a(5). Plaintiff therefore cannot state a claim against Penn Credit under the FDCPA, and Plaintiff's FDCPA claims must be dismissed.

### C. Plaintiff's TDCA Claims Fail as a Matter of Law Because the NTTA Toll Obligation Does Not Constitute a "Consumer Debt" Under the TDCA

Plaintiff's TDCA claims fail for the same threshold reason. The TDCA applies to the collection of "consumer debt," meaning an obligation or alleged obligation arising from a transaction or alleged transaction primarily for personal, family, or household purposes. Tex. Fin. Code § 392.001(2). The Act correspondingly defines "debt collection" as conduct undertaken to collect a consumer debt. *Id.* § 392.001(5). Absent a qualifying consumer debt, the collection conduct alleged by Plaintiff cannot give rise to liability under the TDCA.

The Amended Complaint establishes that Penn Credit sought to collect the same NTTA toll obligation underlying Plaintiff's FDCPA claims. Plaintiff alleges that NTTA referred toll account 2031375867, associated with license plate WRZ1957, to Penn Credit for collection and that Penn Credit sought an initial balance of $90.37. (Doc. 10 at pp. 4-5). Plaintiff further alleges that the balance increased through "NTTA's ongoing toll and fee accrual." (Doc. 10 at p. 5). Penn Credit's attached Notice of Collection confirms that the amount sought arose from unpaid ZipCash invoices for tolls and fees incurred on North Texas toll-road facilities. (Doc. 10-1 at p. 71). NTTA's billing records and Plaintiff's own dispute letter likewise identify the underlying charges as highway tolls and associated fees. (Doc. 10-1 at pp. 3-4, 74).

Those allegations do not establish a "consumer debt" under § 392.001(2). Plaintiff asserts that the obligation was personal because the tolls involved "the operation of a personal vehicle."

(Doc. 10-1 at p. 74). That characterization focuses on Plaintiff's subjective purpose for using the vehicle rather than the character of the transaction giving rise to the obligation. As *St. Pierre* explains in construing the closely analogous FDCPA definition, the relevant subject of a highway-toll transaction is the construction, maintenance, repair, and operation of public highways. 898 F.3d at 361-65. Those services benefit the traveling public and do not become primarily personal, family, or household in character merely because an individual motorist uses the highway for a personal purpose. *Id.* at 363-65. That reasoning applies with equal force to the TDCA's requirement that the obligation arise from a transaction primarily for personal, family, or household purposes.

Federal authority applying the TDCA likewise confirms that the statutory definition of "consumer debt" limits the Act's reach. In *Davis v. Fayette County Appraisal District*, the court concluded that delinquent ad valorem taxes did not constitute 'consumer debt' under the TDCA. No. 4:16-CV-1112, 2018 WL 2862809, at *3-4 (S.D. Tex. June 11, 2018). *Davis* reinforces the principle that controls here: Chapter 392 does not regulate every effort to collect money from an individual. The obligation being collected must itself satisfy the statutory definition of "consumer debt." Plaintiff's TDCA theories cannot overcome that threshold defect. Plaintiff alleges that Penn Credit violated § 392.202 by continuing collection activity after Plaintiff disputed the obligation and § 392.302(4) by sending six automated text messages after Plaintiff requested that telephone communications cease. (Doc. 10 at pp. 7-8). Both theories arise solely from Penn Credit's collection of the NTTA toll obligation. The alleged collection conduct cannot transform that obligation into a "consumer debt" or otherwise enlarge the scope of Chapter 392.

Accordingly, the obligation Penn Credit sought to collect does not constitute a "consumer debt" under Tex. Fin. Code § 392.001(2). Plaintiff therefore cannot state a TDCA claim against

Penn Credit, regardless of the alleged manner in which Penn Credit sought to collect the obligation. Plaintiff's TDCA claims must be dismissed as a matter of law.

## V. **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Amended Complaint as against Penn Credit with prejudice.

Respectfully submitted,

/s/ Christopher E. Brown
CHRISTOPHER E. BROWN, ESQ.
Texas Bar No. 24145884
Email: cbrown@kaufmandolowich.com
KAUFMAN DOLOWICH LLP
14643 Dallas Pkwy., Suite 550
Dallas, Texas 75254
Telephone: (407) 789-0135
Fax: (888) 502-6353
*Attorneys for Defendant Penn Credit Corporation*

Dated: September 15, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas and served on all parties and counsel of record via CM/ECF.

/s/ Christopher E. Brown
CHRISTOPHER E. BROWN, ESQ.
Texas Bar No. 24145884
Email: cbrown@kaufmandolowich.com
KAUFMAN DOLOWICH LLP
14643 Dallas Pkwy., Suite 550
Dallas, Texas 75254
Telephone: (407) 789-0135
Fax: (407) 502-6353
*Attorneys for Defendant Penn Credit Corporation*