**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEJON PARIS,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JAMES HOFMAN, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority, PENN CREDIT CORPORATION, PERDUE BRANDON FIELDER COLLINS & MOTT, LLP (PBFCM), and TRANSWORLD SYSTEMS INC. (TSI),** | § § § § § § § | **Case No. 3:26-cv-02337** |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANT JAMES HOFMAN'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND BRIEF IN SUPPORT**

Defendant James Hofman, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority ("Hofman"), files this Motion to Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and in support thereof, respectfully shows the Court the following:

## I. BACKGROUND FACTS AND BASIS FOR RELIEF

Plaintiff originally filed this action in state court against North Texas Tollway Authority ("NTTA"), Penn Credit Corporation ("Penn Credit"), Perdue Brandon Fielder Collins & Mott, LLC ("PBFCM"), and Transworld Systems Inc. ("TSI"), challenging their efforts to collect unpaid tolls, administrative fees, and related charges assessed to Plaintiff's vehicles for use of NTTA roadways. Among his claims, Plaintiff alleged that Penn Credit, PBFCM, and TSI violated the federal Fair Debt Collection Practices Act ("FDCPA"). Based on those federal claims, TSI removed this action to the Northern District of Texas pursuant to 28 U.S.C. § 1331.

Since removal, Plaintiff has voluntarily dismissed NTTA with prejudice, added James Hofman, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority, as a Defendant, and settled with each Defendant against whom he asserted FDCPA claims, leaving Hofman as the sole remaining Defendant. Because federal subject matter jurisdiction was based on claims against Defendants who are no longer parties to this action, those claims are now moot, and this Court no longer has subject matter jurisdiction over the remaining claims against Hofman. Accordingly, Defendant Hofman files this Motion to Remand for Lack of Subject Matter Jurisdiction and Brief in Support.

## II. ARGUMENTS & AUTHORITIES

The Northern District should remand this action to the state court in which it was originally filed. In matters of removal and remand, federal courts must be mindful of the overriding principle that they are courts of limited jurisdiction by design and have no inherent subject matter jurisdiction. *Havjivandi v. Servis One, Inc.*, No. CV SA-15-CA-782-FB, 2015 WL 13805123, at *2 (W.D. Tex. Oct. 30, 2015). As a result, there is an initial presumption that a federal court lacks subject matter jurisdiction to resolve the matters before it. *Id.* Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because removal jurisdiction "implicates important federalism concerns," it must be strictly construed. *Havjivandi*, No. CV SA-15-CA-782-FB, 2015 WL 13805123, at *2. With respect to removal based on federal question jurisdiction, district courts have jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *Id.* at *3. A case "arises under" federal law, conferring jurisdiction on the federal courts, when the plaintiff's well-pleaded complaint established that federal law creates the cause of action. *Id.*

A case removed on the basis of federal question jurisdiction may also include state law claims over which the court has only supplemental jurisdiction. *Reach Com., LLC v. Cinsay, Inc.*, No. 3:13-CV-3861-P, 2014 WL 12580457, at *1 (N.D. Tex. Apr. 30, 2014). However, if the claims that gave rise to federal question jurisdiction are dismissed at any time after removal, the court has discretion to remand the remaining state law claims to state court. *Id.* In deciding whether to remand claims under supplemental jurisdiction, courts are guided by the factors in 28 U.S.C. § 1367(c), which permits a court to decline jurisdiction if: "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at *2. Courts also consider the values of judicial economy, convenience, fairness, and comity. *Id.* Because a state court is better suited to rule quickly on state law claims, remand is more economical and convenient for the parties. *Id.* The general rule, though not mandatory or absolute, is to remand a case when all federal claims are disposed of before trial. *Id.*

Plaintiff's one and only federal claim—the FDCPA claim—has been disposed of because the Defendants against whom it was asserted have settled and are no longer parties to this suit. Nor is there diversity jurisdiction, as both Plaintiff and Defendant Hofman are domiciled in Texas. Accordingly, the Northern District should remand this action to the state court in which it was originally filed.

## IV. <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Defendant James Hofman, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority, respectfully requests

that the Court grant this Motion and remand this action to the state court in which it was originally filed.

Respectfully submitted,

/s/ *Samantha G. Brown*
Carol C. Payne
State Bar No. 00788865
Samantha G. Brown
State Bar No. 24144682

**ESTES THORNE EWING & PAYNE PLLC**
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Telecopier: (214) 599-4099
cpayne@estesthorne.com
sbrown@estesthorne.com

***Attorneys for Defendant James Hofman, in his official capacity as CEO/Executive Director of the North Texas Tollway Authority***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via electronic mail, and forwarded to the Pro Se Plaintiff at the address listed below, on this 7th day of October 2026.

DeJon Paris
900 E Colorado Blvd.
Dallas, TX 75203

Mailing Address:
1710 Keller Parkway #9602
Keller, TX 76248
(813) 605-9789

dejon.paris@gmail.com

***Pro Se Plaintiff***

/s/ *Samantha G. Brown*
Samantha G. Brown